PIERSON, APPELLANT, *v.* SCANLON, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 8390—Decided February 24, 1958.)

*Mr. Augustus Beall, Jr.,* for appellant.

*Mr. William Saxbe,* attorney general, and *Mr. William J. Keating,* for appellees.

*Per Curiam.* This is an appeal by Zella Pierson, on behalf of her minor children, from a judgment denying such children's right to participate in the State Insurance Fund as the grandchildren of Lulu Green who was injured in the course of and from a cause arising out of her employment by an employer who was amenable to and a compliant with the workmen's compensation law. During her lifetime, Lulu Green had filed an application for compensation based on her injuries, and an award had been made to her. In her application she had recited that she had only one dependent, and that one was her invalid husband,

Charles B. Green. Lulu Green died later as a result of said injuries and an award was made to her husband as a total dependent. Before the entire award was paid to him he died, and the application by the grandchildren of Lulu Green was to secure an award to them of that portion of the award, amounting to about $3,000, that had not been paid to Charles B. Green.

The appeal from the Industrial Commission was filed after the amendment providing for a trial *de novo* in the Common Pleas Court in such an appeal.

It appears from the evidence that these children at the time Lulu Green was injured were living with their parents on an 18-acre farm in Kentucky and had lived there for many years in about the same circumstances. The parents raised tobacco from which they obtained about $600 in cash annually. They raised vegetables and had hogs and cows from which they derived some meat and milk.

There can be no doubt that the parents of these children provided the main support for them. The parents both testified to the fact that Lulu Green did at intervals send food and clothing and some money to the mother, who was her daughter, but certainly it must be said that this help was sporadic. At least, that construction can be placed upon it.

The defendants placed no witness on the stand but did introduce in evidence a copy of the application which Lulu Green had filed, in which she recited that she had one dependent, who was her husband.

The jury returned a verdict for the defendants, on which judgment was entered. The cause is here on appeal from that judgment.

In 58 American Jurisprudence, 860, Section 441, the rule is stated that "upon the applicant for compensation as a dependent rests the burden of establishing the fact of dependency" except, of course, in those instances where the statute provides otherwise. In this state, there is no statute applicable to these claimants, and it is conceded that they have the burden.

These children were living with their parents at the time. Lulu Green did not consider that they were dependent upon her.

We think the jury might very well have concluded, as stated in 58 American Jurisprudence, 688, Section 164, that any con-

tribution by Lulu Green was "merely a casual gratuity, insufficient to warrant any belief in its continuance."

Counsel urges that the court was in error in determining the date on which dependency had to exist to justify an award; and that the court stated that the date of Lulu Green's death was the test. It is true that at the commencement of the trial the court was of that opinion and so stated, but, when counsel called its attention to the law, correction was made, and the correct date was stated in the charge to the jury.

Counsel urges also that the issue of whether the claimants are lineal descendants of Lulu Green and, therefore, within the class of her potential dependents should not have been submitted to the jury. At the end of the charge, on the request of plaintiff's counsel, the court instructed the jury that the plaintiff's children are lineal descendants. That instruction cured any erroneous statements in the charge and removed such issue from consideration by the jury.

Counsel urges also that the court failed to charge on the distinction between mere gifts and gratuities and donations for support. No request for clarification was made, and we fail to find any prejudicial error in what the court said on the subject.

We find no prejudicial error in the record.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.